CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 27 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **SAMUEL EARL MORRIS, JR.,** | ) | **Civil Action No. 7:10-cv-00470** |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MR. CHRISTOPHER ZYCH,** | ) | **By: Hon. James C. Turk** |
| Respondent. | ) | **Senior United States District Judge** |

Samuel Earl Morris, Jr., a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner argues that he is entitled to credit toward his federal sentence for time he spent incarcerated on a state sentence. This matter is before the court for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases. After reviewing petitioner's submissions, the court dismisses the petition because it presently fails to establish that petitioner is entitled to relief.

I.

Petitioner alleges the following facts in his petition. On April 21, 2005, Alabama authorities arrested petitioner, while he was on probation, for being a felon in possession of a firearm, in violation of Alabama law. Petitioner posted bond and was released. During his release on bond, state authorities determined that the possessed firearm was stolen, and they arrested him in June 2005 for the new charge of possessing a stolen firearm, in violation of Alabama law. The arresting officers found petition in possession of cocaine and charged petitioner with that offense, too. Petitioner subsequently pleaded guilty in state court to possessing both the firearm and the cocaine, and he received a state sentence of twenty years' incarceration with a mandatory minimum term of four years' incarceration. Petitioner received seven months' credit for time served in pretrial detention toward his state sentence for violating

his probation. State officials transferred petitioner to a state correctional facility to serve his state sentence.

In April 2006, federal officials requested petitioner's presence in the United States District Court for the Southern District of Alabama to be arraigned for a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] Petitioner initially pleaded not guilty although the federal charge concerned the same firearm to which petitioner pleaded guilty in state court. However, petitioner eventually pleaded guilty to the charge in June 2006 and received in October 2006 a seventy-eight months' sentence to run consecutively to the already imposed state sentence.

Petitioner remained in the physical custody of federal officials until January 2007 when federal officials transferred him back into the physical custody of state officials for him to complete his state sentence. Petitioner completed his state sentence, and federal officials received his legal and physical transfer into federal custody on June 19, 2009.

Petitioner argues that the federal sentencing court committed legal error by failing to grant petitioner credit toward his federal sentence for the time he was incarcerated for his state sentence. Petitioner requests that the four years he spent in state custody be applied as a credit toward his federal sentence to reduce his federal term of incarceration. Petitioner is confined within this judicial district.

II.

Once a district court has imposed an inmate's federal criminal sentence, the United States

---

[1] The District Court's record reveals that petitioner was brought from a state correctional facility into federal court via a writ of habeas corpus ad prosequendum. United States v. Morris, No. 1:06-cr-00056 (S.D. Al.) (no. 5, 7-8, 10).

Attorney General, through the Bureau of Prisons ("BOP") as that official's delegate, is responsible for calculating the inmate's term of confinement, including determination of the appropriate credit to be granted for jail time served before commencement of the federal sentence. See United States v. Wilson, 503 U.S. 329, 334 (1992). A challenge to the computation and execution of a sentence, as opposed to its legality, is properly brought under § 2241 in the district of confinement rather than in the sentencing court. See, e.g., United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (finding that a § 2241 petition is proper remedy for seeking credit against sentence for time served before trial).

When an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (restating this principle of primary jurisdiction as set out in Ponzi v. Fessenden, 258 U.S. 254, 260 (1922)). "A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law." Thomas v. Whalen, 962 F.2d 358, 360 (4th Cir. 1992). Similarly, a writ of habeas corpus ad prosequendum does not change the defendant's primary custody status because the writ authorizes federal authorities only to "borrow" the defendant from state authorities for federal judicial proceedings. Id. at 358 n.3 (citing other cases). A federal sentence commences "on the date when the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served[,]" 18 U.S.C. § 3585(a), unless the BOP makes a nunc pro

3

tunc designation[2], <u>United States v. Evans</u>, 159 F.3d 908, 911-12 (4th Cir. 1998). Prior custody credit cannot be granted against a federal sentence for any period of time for which petitioner has already received a credit toward another sentence, state or federal. <u>See</u> <u>id.</u> § 3585(b); <u>Wilson,</u> 503 U.S. at 337.

Alabama retained primary jurisdiction over petitioner upon his arrest and throughout his incarceration in a state facility, and petitioner continued to serve his state sentence when he was brought to federal court via a writ of habeas corpus ad prosequendum. The federal authorities only borrowed petitioner by the writ, which did not affect primary jurisdiction; federal officials were obliged to return petitioner to state custody after his federal proceedings ended, and neither Alabama nor the United States agreed to any permanent change in custody.

The federal court ordered that petitioner's sentence run consecutively to his already imposed state sentence. Pursuant to § 3585(a), petitioner's federal sentence commenced on June 19, 2009, only after the state released him to the federal detainer for service of his federal sentence. Petitioner is not entitled to any credit as alleged because he received seven months' pre-state trial credit toward his state sentence, and the District Court specifically imposed a consecutive sentence, precluding an interpretation to give petitioner credit for the time he served his state sentence after the District Court imposed his sentence. Furthermore, petitioner's time in federal physical custody was already credited toward his state sentence. Therefore, petitioner is not entitled to double credit for time applied to his state sentence before his June 2009 receipt by federal officials from state officials. Accordingly, the court dismisses the petition without

---

[2]Petitioner does not allege that the BOP made this designation. Furthermore, the sentencing court clearly stated in its judgment that petitioner's federal sentence would run consecutively to his state sentence, which often precludes a nunc pro tunc designation.

prejudice because petitioner's current petition fails to establish that petitioner is entitled to relief.

III.

For the foregoing reasons, the court dismisses the petition without prejudice, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This _27th_ day of October, 2010.

_[signature]_
_____
Senior United States District Judge
